KANSAS CITY SOUTHERN RAILWAY COMPANY v. MOSLEY.

Opinion delivered June 9, 1924.

1. MASTER AND SERVANT—NEGLIGENCE OF FELLOW-SERVANT.—In a brakeman's action for injuries sustained while attempting to board a moving train, evidence *held* to show that the engineer negligently started the train at a greater rate of speed than he should, and negligently disregarded a signal to slow down for plaintiff to get on.

2. MASTER AND SERVANT—INSTRUCTION—HARMLESS ERROR.—In an action by a brakeman for injuries sustained while boarding a moving train, error of an instruction in referring to the starting of the train from a water tank instead of from the station was not prejudicial, in the absence of specific objection.

3. MASTER AND SERVANT—INSTRUCTION AS TO NEGLIGENCE.—In a brakeman's action for injuries received in boarding a moving train, an instruction that, if it was necessary for plaintiff to board the train while in motion, and the engineer, being aware of that fact, started the train at a greater speed than was consistent with plaintiff's safety, and plaintiff was injured in consequence of such negligence, he could recover, was warranted by the evidence.

4. TRIAL—REPETITION OF INSTRUCTIONS.—It was not error to refuse an instruction fully covered by the court's charge.

5. TRIAL—INSTRUCTION—ABANDONED ISSUE.—It was not error to refuse an instruction requested by defendant on an issue which plaintiff had abandoned by failing to introduce any supporting evidence.

6. MASTER AND SERVANT—PROXIMATE CAUSE—JURY QUESTION.—In a brakeman's action for injuries alleged to have been sustained while attempting to board a moving train, whether engineer's failure to slow down the train was the proximate cause of the injury *held* for the jury.

Appeal from Sebastian Circuit Court, Fort Smith District; *George W. Dodd,* special judge; affirmed.

*Joseph R. Brown* and *James B. McDonough,* for appellant.

The suit is based upon the Federal Employers' Liability Act, 35 Stat. at Large, p. 65, Fed. Stat. Ann. vol. 8, p. 1208. Under this act, before there can be any recovery, there must be negligence on the part of the railroad company or its employees. Negligence alone is the basis of any liability. 241 U. S. 476; *Id.* 333; 93 S. E. 555; 156

Ky. 410; 8 Fed. Stat. Ann. p. 1277, and cases cited. Before there can be any recovery, it must be shown that the railroad company was negligent, either by direct or circumstantial evidence. 240 U. S. 66; 240 Fed. 73; 239 Fed. 256; 88 Ill. App. 172; 101 Atl. 587; 162 N. W. 988; 233 U. S. 492; 153 Pac. 1053; 240 U. S. 444; 86 S. E. 964. There is no presumption of negligence due to the injury being caused by the operation of a train. 100 Ark. 467; 238 U. S. 608; 124 Ark. 298; 70 So. 19; 91 S. E. 502; 241 U. S. 333; 99 Kan. 544; 109 Atl. 713; 103 S. E. 102. Taking the evidence as a whole, it is clear that the plaintiff has failed to make out a case, even upon his own testimony. 100 Ark. 426; 79 Ark. 437; 90 Ark. 331; 82 Ark. 372; 8 Fed. Stat. Ann. p. 1278, and cases cited.

*L. E. Lister,* for appellee.

It was a question for the jury to say whether or not the engineer acted as a reasonably prudent person would have acted under the circumstances shown in evidence. It was therefore not error to refuse appellant's request for a peremptory instruction.

HUMPHREYS, J. This suit was brought by appellee against appellant in the circuit court of Sebastian County, Fort Smith District, under the Federal Employers' Liability Act of Congress, to recover damages for an injury received through the alleged negligence of appellant's engineer while appellant and the railroad crew were engaged in interstate transportation of freight. The alleged negligence relied upon and submitted as an issue to the jury for determination is as follows:

"The engineer negligently and wilfully started the train at a greater rate of speed than was allowed under the circumstances, and was by the conductor signaled to slow down for the purpose of the plaintiff boarding the train, but the engineer, negligently and wilfully disregarding the safety of plaintiff, gave no attention to the signal to slow down."

The allegations of negligence contained in the complaint were denied by appellant, but all of them, except the one quoted above, passed out of the case by reason

of the failure of appellee to introduce any evidence to support them. This issue, the issue of whether appellee's own negligence was the sole cause of the injury, the issues of contributory negligence and assumed risk, and the issue of the amount of damage resulting, if any, were submitted to the jury upon the testimony introduced by the respective parties and the instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee for $500, from which is this appeal.

Appellant's first contention for a reversal of the judgment is that there is no substantial evidence in the record tending to show that the engineer negligently started the train at a greater rate of speed than he should, under the circumstances, or that he negligently disregarded the signal to slow down for appellee to board the train.

Appellee was the rear brakeman on extra north No. 751, which was an interstate train composed of forty-seven cars, loaded with bananas and other fruits. The train left DeQueen, Arkansas, for Heavener, Oklahoma, at nine o'clock A. M. of the 24th day of December, 1921, and arrived at Mena, Arkansas, at 2:30 P. M., where the injury occurred. The train stopped at the water-tank about a quarter of a mile south of the station, and, while standing there, appellee and the swing brakeman examined the train and discovered that a hot-box needed some attention. After leaving the water-tank the train pulled up near the station, and, while there, appellee put pin dope in the hot-box, then went to the road crossing to cut the train if No. 3 brought different time orders for them. While waiting at the crossing for orders, the engineer whistled "out of town."

Appellant testified that, when the signal was given, the conductor was standing north of the crossing, on the engineer's side, where each could see the other; that he expected to get on the caboose as it passed by; that the engineer started the train at a high rate of speed, about fifteen miles an hour, whereupon he signaled to the con-

ductor to signal the engineer to slow down; that the conductor repeated the signal to the engineer; that he thought he could hear the cars release back, indicating that the engineer had responded to the signal; that, as the caboose passed, he grabbed the hand-hold, but was jerked loose by the power of the train, before his foot hit the step, and was violently thrown on to the pavement, and seriously injured; that, as the caboose passed the conductor, he jumped on and stopped the train by opening the angle-cock.

C. F. Walker testified that he was an experienced brakeman, and it was safe for a brakeman to catch a train running from six to eight or ten miles an hour; that brakemen were required to get on and off moving trains in the performance of their duties, but were not required to take any chances.

W. G. Hartman, the engineer, testified that he started the train at a speed of fifteen miles an hour, and that it was running at that speed when the conductor boarded the train and opened the angle-cock.

The testimony set out above tended to show that the engineer was negligent in starting the train at a rate of speed that would endanger the life of the crew if attempting to get on, and in failing to give attention to the signal to slow down for them to board the train.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instruction No. 1, which is as follows: "You are instructed that, if you find from a preponderance of the evidence that plaintiff was an employee of the defendant company, and was engaged in operating or assisting in the operation of a freight train upon defendant's line of railroad, and that it was a part of his duty, as brakeman upon said train, to inspect the same for defects, and that he made an inspection of the train while it was stopped at the water-tank at Mena, Arkansas, and you find that, after making said inspection, it was necessary for him to board the train while in motion, and that the engineer, knowing that plaintiff was expecting to board said train after it

left the water-tank, started the train and negligently ran it at a greater speed than was consistent with plaintiff's safety in attempting to board the train; and that it was plaintiff's duty, as rear brakeman, to stay at the rear of said train, and you find that plaintiff was injured in attempting to board the caboose of said train, on account of the negligence of the engineer, if you find he was negligent, in driving the train at a greater rate of speed than was consistent with plaintiff's safety, then you should find for the plaintiff, and give him such damages as you find he is reasonably entitled to receive under the evidence and instructions of the court.'' The main objection made to the instruction is that it submitted to the jury the question of driving the train at a greater rate of speed than was consistent with appellee's safety. It is argued that no such issue was in the case. We think otherwise. The alleged negligence of the engineer in starting the train at such a high rate of speed as to endanger appellee, whose duty it was to board the train, and in failing to heed the signal to slow down for him to get on, presented the very issue which appellant says was not in the case.

Another objection made to the instruction is that it referred to the starting of the train from the water-tank, when the issue joined had reference to the starting of the train from the station. We do not see how this could have misled the jury, for the gist of the allegation and the trend of the testimony was in starting the train at a high rate of speed and not heeding the signal to slow down for appellee to board the train at the road crossing, and not the point from which the train started. The point from which the train started was immaterial. If appellant thought the error in the starting point would mislead the jury, it should have made a specific objection to the instruction on that ground. The many other objections made to the instruction may be summed up in a charge that it was abstract. We do not think it was abstract, but, on the contrary, think it was warranted by the evidence set out above.

Appellant's next two contentions for a reversal of the judgment are that the court erred in giving instructions Nos. 2 and 3. Instruction No. 2 is a correct declaration of the law covering comparative negligence, and was applicable to the facts in the case. It is argued that the instruction had no application, because there was no evidence tending to show any negligence on the part of appellant. Appellant is in error in this contention, for the evidence set out above tends to prove its engineer was negligent. Instruction No. 3 relates to the measure of damages, and correctly defines the measure of damages which was applicable to the facts in the case.

Appellant's next contention for a reversal of the judgment is that the court erred in refusing its peremptory request No. 1. This request was based upon the theory that there was a total lack of evidence tending to show negligence on the part of appellant. There was substantial evidence, as heretofore stated, tending to show the engineer was negligent.

Appellant's next contention for a reversal of the judgment is that the court refused to give its request No. 2 relative to the assumption of risk by appellee. This subject was fully covered by instruction No. 5, given by the court.

Appellant's next contention for a reversal of the judgment is that the court refused to give its request No. 3. It was unnecessary to give this instruction, as it related to an allegation of negligence which had been abandoned by the failure of appellee to introduce any evidence in support thereof.

Appellant's next contention for a reversal of the judgment is the refusal of the court to give its request No. 4. The request was a peremptory instruction, declaring the failure of the engineer to slow down when requested to do so was not the proximate cause of the injury. This was a question for the jury, under the disputed facts in the case. The instruction was properly refused.

Appellant's next and last contention for a reversal of the judgment is that the court refused to give his second request, relating to the assumption of risk by appellee. This subject was also fully covered by instruction No. 5, given by the court.

No error appearing, the judgment is affirmed.